IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) FEDERAL DEPOSIT INSURANCE CORPORATION as RECEIVER for FIRST NATIONAL BANK OF DAVIS, DAVIS, OKLAHOMA, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:12-cv-00052-FHS |
| (1) VICTOR E. GARRETT, III a/k/a TREY GARRETT, an individual; (2) ARBUCKLE MOUNTAIN DEVELOPMENT, LLC, an Oklahoma limited liability company; (3) VICTOR E. GARRETT, an individual; (4) TAMMY GARRETT, an individual; (5) SERAH GARRETT, an individual; (6) RANDALL HILL, an individual d/b/a RANDALL HILL AUCTIONEERS; (7) SHAMBO FINANCE CO., LTD., a Texas limited partnership; (8) ARBUCKLE ADVENTURES, LLC, an Oklahoma limited liability company; (9) BARBARA WOODS, in her capacity as MURRAY COUNTY TREASURER; and (10 OCCUPANTS OF THE PREMISES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOURNAL ENTRY OF DEFAULT JUDGMENT

Now on this 26th day of June, 2012, this action came before the Court on the Motion for Entry of Default Judgment filed on June 25, 2012, at Docket No. 71, by Plaintiff, Federal Deposit Insurance Corporation (the "FDIC"), as Receiver for First National Bank of Davis, Davis, Oklahoma (the "Bank"). By such motion, the FDIC seeks a default judgment against Defendant, Shambo Finance Co., Ltd. ("Shambo").

The Court, having reviewed the First Amended Complaint, Summons, Return, and court file, finds that Shambo has been properly served with the First Amended Complaint, that the date

by which Shambo was required to appear and defend this action was May 29, 2012, and that no appearance has been made by Shambo, nor has any motion or pleading been filed on its behalf. The Court, being fully advised of the premises and on consideration thereof, **FINDS** as follows:

1. The allegations of the FDIC's First Amended Complaint filed herein on April 4, 2012, at Docket No. 36 against Shambo are deemed true as set forth therein, that Shambo is in default thereof, and that the FDIC is entitled to a default judgment against Shambo.

2. On or about January 15, 2008, Arbuckle Mountain Development, LLC ("AMD") executed Promissory Note No. 70437, payable to the order of the Bank, in the original principal amount of $350,000.00 ("Note No. 70437"). In order to secure the indebtedness under Note No. 70437, Victor and Tammy Garrett granted the Bank a Mortgage dated January 15, 2008 (the "70437 Mortgage") on a 10 acre tract of real property, a 19.99 acre tract and an 85.49 acre tract, for a total of 115.48 acres (the "115.48 Acre Tract"). The Bank subsequently recorded the 70437 Mortgage in the Murray County land records on January 18, 2008, at Page 211 of Book 900 as Document No. 1-2008-000188. True and correct copies of the legal descriptions of the three tracts of land comprising the 115.48 Acre Tract are attached hereto as **Exhibits 1-3.**

3. On or about January 26, 2010, AMD executed Promissory Note No. 72133 payable to the order of the Bank, in the original principal amount of $3,400,000.00 ("Note No. 72133"). In order to secure the indebtedness under Note No. 72133, AMD granted the Bank a Mortgage dated January 26, 2010 (the "72133-1 Mortgage") on a 9.98 acre tract, a 10 acre tract, a 19.99 acre tract, and a 123.38 acre tract, for a total of 173.33 acres (the "173.33 Acre Tract"). The Bank subsequently recorded the 72133-1 Mortgage in the Murray County land records on February 1, 2010, at Page 144 of Book 980 as Document No. 1-2010-000257. True and correct

copies of the legal descriptions of the five tracts of land comprising the 173.33 Acre Tract are attached hereto as **Exhibits 4-8.**

4. Before filing the captioned lawsuit, the FDIC determined that Shambo may claim an interest in some or all of the 115.48 Acre Tract by virtue of a mortgage recorded in the Murray County land records at Page 118 of Book 708 and Page 197 of Book 740. Likewise, the FDIC determined that Shambo may claim an interest in some or all of the 173.33 Acre Tract by virtue of a mortgage recorded in the Murray County land records at Page 118 of Book 708 and Page 197 of Book 740.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that all right, title, or interest which Shambo has or claims to the tracts of real property comprising the 115.48 Acre Tract is subordinate to the 70437 Mortgage and the interests of the FDIC thereto. The Court further finds that Shambo, and all persons claiming by, through or under it since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate or equity of redemption in or to the 115.48 Acre Tract or any part thereof.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all right, title, or interest which Shambo has or claims to the tracts of real property comprising the 173.33 Acre Tract is subordinate to the 72133-1 Mortgage and the interests of the FDIC thereto. The Court further finds that Shambo, and all persons claiming by, through or under it since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate or equity of redemption in or to the 173.33 Acre Tract or any part thereof.

DATED this 26th day of June, 2012.

/s/ Frank H. Seay
Frank H. Seay
United States District Judge