## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) FEDERAL DEPOSIT INSURANCE CORPORATION as RECEIVER for FIRST NATIONAL BANK OF DAVIS, DAVIS, OKLAHOMA,<br><br>                    Plaintiff,<br><br>VS.<br><br>(1) VICTOR E. GARRETT, III a/k/a TREY GARRETT, an individual; et. al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. CIV-12-52-FHS<br>)<br>)<br>)<br>)<br>) |

### ORDER

Before the court for its consideration is the FDIC's Motion for Partial Summary Judgment with Brief in Support (Doc. 88).  In this motion the plaintiff seeks partial summary judgment against defendants Victor Garrett, Tammy Garrett, Victor E. Garrett III, Serah Garrett, Arbuckle Mountain Development, LLC (AMD) and Arbuckle Wilderness, LLC. under its First, Second, Third, Fourth Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh and Twelfth claims for relief in its First Amended Complaint.  These claims encompass the FDIC's claims for breach of various promissary notes, guaranty agreements and a security agreement against Victor, Tammy and AMD and its mortgage and collateral foreclosure claims against these defendants as well as Arbuckle, Trey Garrett and Serah Garrett.[1]

---

[1]The FDIC does not seek summary judgment under the Eighth Claim against Trey and Serah Garrett for breach of promissary note or the Thirteenth Claim for relief against Trey Garrett for breach of a promissary note. Trey and Serah Garrett, after the FDIC intiated this action, filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of Oklahoma.  The Bankruptcy Court granted the FDIC relief from the

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.   The FDIC is an agency of the United States of America. On March 11, 2011, the Office of the Comptroller of the Currency declared the Bank insolvent and appointed the FDIC as the Bank's receiver pursuant to 12 U.S.C. Sec. 191 and 1821(c)(5).   On that same date, the FDIC accepted the appointment as receiver for the Bank pursuant to 12 U.S.C. Sec. 1821 (c)(2)(A)(ii).

2. Pursuant to 12 U.S.C. Sec. 1821 (c)(3)(A) the FDIC has, inter alia, succeeded to all rights, titles, power, and privileges of the Bank.   The FDIC retained the assets that are the subject matter of the captioned action in conjunction with a purchase and assumption transaction involving Pauls Valley National Bank in Pauls Valley, Oklahoma, as the assuming institution.

3. On or about January 15, 2008, AMD executed Promissory Note No. 70437, payable to the order of the Bank, in the original principal amount of $350,000.00.   As part of the loan transaction between the Bank and AMD pursuant to Note No. 70437, and as a material inducement to cause the Bank to make the loan, Victor and Tammy Garrett each executed a Guaranty Agreement dated January 15, 2008.   Pursuant thereto, Victor and Tammy Garrett absolutely and unconditionally guaranteed payment to the Bank of any and all debt owed by AMD under Note No. 70437 when due,

---

automatic stay to foreclose its mortgage against real property owned by Trey and Serah Garrett, which is the subject of the FDIC's Ninth Claim.   Therefore, the FDIC does not seek a money judgment against Trey and Serah Garrett but are only seeking the foreclosure of the property.

whether at maturity, by acceleration or otherwise.

4. In order to secure the indebtedness under Note No 70437, Victor and Tammy Garrett granted the Bank a Mortgage dated January 15, 2008 on a 10 acre tract of real property, a 19.99 acre tract, and a 85.49 acre tract for a total of 115.48 acres.

5. The 70437 Mortgage was duly executed and acknowledged according to law, and was recorded in the Office of the Murray County Clerk in Book 900 at page 211, on January 18, 2008, as Document No. 1-2008-000188. The 70437 Mortgage is a good and valid first lien on the 115.8 Acre Tract.

6. Payment was due, according to the terms of Note No. 70437, on August 15, 2011, which payment was not made by either AMD or Victor and Tammy Garrett, as guarantors. No subsequent payments have been made. Accordingly, the FDIC, as the holder of Note No. 70437, has elected to declare the entire balance due and payable as permitted by its terms. The FDIC has demanded payment of the same but Victor and Tammy Garrett, and AMD have failed, refused, and neglected to pay such amounts when due.

7. By reason of the default, AMD has breached the terms and conditions of Note. No. 70437 and the 70437 Mortgage, and thus, the entire amount of the indebtedness there by secured has matured and is now due and payable, together with interest.

8. The principal sum of $350,000.00 is due under Note No. 70437 the 70437 Guraranty Agreements, together with accrued interest through August 24, 2012, in the sum of $22,652.78, for a total amount due and owing of $372,652.78, plus accruing interest thereon at the rate of $48.61 per day from and after August 24,

2012, until paid.

9.   Arbuckle claims an interest in some or all of the 115.48 acre tract by virtue of a lis pendens recorded in the Office of the Murray County Clerk at page 270 of Book 1023.  However, prior to filing this Motion Arbuckle advised counsel for the FDIC that it does not contest the priority of the 70437 Mortgage over its interest. As such, Arbuckle will agree to entry of a judgment finding that its interest is junior and inferior to the FDIC's interest in the 115.48 tract and that Arbuckle's interest is foreclosed and the 115.48 acre tract will be sold free and clear of Arbuckle's interest.

10.   On or about January 26, 2010, AMD executed Promissory Note No. 72133 payable to the order of the Bank, in the original principal amount of $3,400,000.00.  As part of the loan transaction between the Bank and AMD pursuant to Note No. 72133, and as a material inducement to cause the Bank to make the loan, Victor and Tammy Garrett each executed a Guaranty Agreement dated January 26, 2010.

11.   In order to secure the indebtedness under Note No. 72133, Victor and Tammy Garrett granted the Bank a Mortgage dated January 26, 2010 on a 9.98 acre tract of real property, a 9.98 acre tract, a 10 acre tract, a 19.99 acre tract, and a 123.38 acre tract, for a total of 173.33 acres.

12.   The 72133-1 Mortgage was duly executed and acknowledged according to law, and was recorded in the Office of the Murray County Clerk, in Book 980 at page 144 on February 1, 2010.  The 72113-1 Mortgage is a good and valid first lien on the 173.33 Acre Tract.

4

13.   In order to secure the indebtedness under Note No. 72133, AMD granted the Bank a Mortgage dated January 26, 2010 on a 17.025 acre tract of certain real property.

14.   The 72133-2 Mortgage was duly executed and acknowledged according to law and was recorded in the Office of the Murray County Clerk, in Book 980 at Page 141 on February 1, 2010, as Documents No. 1-2010-000256.   The 72133-2 Mortgage is a good and valid first lien on the 17.025 acre tract and the 163.31 acre tract.

15.   In order to secure the indebtedness under Note 72133, AMD also executed a Security Agreement dated January 26, 2010. Pursuant to this agreement, AMD granted the Bank a security interest, inter alia, in all fixtures situated on the 17.025 acre tract and the 173.33 acre tract.   Upon default of any payment obligation under Note No 72133, the 72133 Security Provides, inter alia, that the FDIC may sell or otherwise dispose of the Fixture Collateral.

16.   Payment was due, according to the terms of the Note No. 72133, on April 26, 2011, which payment was not made by either AMD or Victor and Tammy Garrett, as guarantors.   No subsequent payments have been made.   The FDIC as the holder of Note No. 72133, has elected to declare the entire balance due and payable. The FDIC has demanded payment of the same but Victor and Tammy Garrett, and AMD have failed, refused, and neglected to pay such amounts when due.

17.   By reason of the default, AMD has breached the terms and conditions of Note No. 72133, the 72133-1 Mortgage and the 72133-2 Mortgage and thus, the entire amount of indebtedness

5

thereby secured has matured and is now due and payable, together with interest.

18. The principal sum of $3,355,559.25 is due under Note No. 72133 and the 72133 Guaranty Agreements, together with accrued interest through August 24, 2012, in the sum of $306,574.42 for a total amount due and owing of $3,662,133.67 plus accruing interest thereon at the rate of $559.26 per day from and after August 24, 2012 until paid.

19. Arbuckle claims an interest in some or all of the 173.33 acre tract and the 163.31 acre tract by virtue of a lis pendens recorded in the Office of Murray County Clerk at page 270 of Book 1023. Arbuckle has advised plaintiff that it does not contest the priority of the 72133-1 or the 72133-2 Mortgages over its interest. As such, Arbuckle will agree to entry of judgment finding that its interest is junior and inferior to the FDIC's interest in the 173.33 acre and the 163.31 acre tracts that Arbuckle's interest is foreclosed and that the 173.33 acre and the 163.31 acre tracts will be sold free and clear of Arbuckle's interest.

20. On or about June 10, 2012, Trey and Serah Garrett executed Promissary Note No. 72091, payable to the order of the Bank, in the original amount of $107, 357.72.

21. In order to secure the indebtedness under Note No. 72091, Trey and Serah Garrett granted the Bank a Mortgage dated June 10, 2010 on 2.77 acres of real property.

22. The 72091 Mortgage was duly executed and acknowledged according to law, and was recorded in the Office of the Murray

6

County Clerk, in Book 997 at page 232, on June 18, 2010, as
Document No. 1-2010-001754.  The 72091 Mortgage is good and valid
first lien on the 2.77 acre tract.

23.   Payment was due, according to the terms of Note No.
72091, on October 10, 2011, which payment was not made by Trey
and Serah Garrett.  No subsequent payments have been made.
Accordingly, the FDIC, as the holder of Note No. 72091 has
elected to declare the entire balance due and payable.

24.   By reason of the default, Trey and Serah Garrett have
breached the terms and conditions of Note No. 72091 and the 72091
Mortgage and thus entire amount of indebtedness thereby secured
has matured and is not due and payable, together with interest.

25.   The principal sum of $104,725.95 is due under Note No.
72091 together with accrued interest through August 24, 2012, in
the sum of $7,066.67 for a total amount due and owing of
$111,792.62 plus accruing interest thereon at the rate of $20.36
per day from and after August 24, 2012.

26.   On June 5, 2012, Trey and Serah Garrett filed for
Chapter 7 Bankruptcy relief in the United States Bankruptcy Court
for the Eastern District of Oklahoma.  Trey and Serah Garrett
listed Note No. 72091 in their Bankruptcy Schedules and Statement
of Financial Affairs as a secured debt and also listed the 2.77
acre tract as collateral for this debt.

27.   On July 27, 2012, the FDIC filed a motion in the
Bankruptcy Court seeking relief from the automatic stay to allow
the FDIC to proceed with its foreclosure herein of the 72091
Mortgage.  The FDIC also sought an order compelling the Chapter 7

7

trustee to abandon the bankruptcy estate's interest in the 2.77 acre tract. On August 21, 2012, the Bankruptcy Court entered an order granting the FDIC's request for relief. Pursuant thereto, the 2.77 acre tract is not deemed property of Trey and Sarah Garrett bankruptcy estate, and the FDIC may pursue its foreclose of the 72091 Mortgage herein without violating the automatic Bankruptcy stay under 11 U.S.C. Sec. 362 of the Bankruptcy Code.

28.   On or about December 27, 2010, Victor and Tammy Garrett executed Promissory Note No. 72616 payable to the order of the Bank, in the original principal amount of $57,763.40. In order to secure the indebtedness under Note No. 72616 Victor and Tammy Garrett granted the Bank a Mortgage dated December 27, 2010, on 1.69 acres of certain real property.

29.   In order to secure the indebtedness under Note No. 72616 Victor and Tammy Garrett granted the Bank a Mortgage dated December 27, 2010 on 1.69 acres of certain real property.

30.   The 72616 Mortgage was duly executed and acknowledge according to the law, and was recorded in the Office of the Murray County Clerk in Book 1021 at Page 266 on January 3, 2011, as document no. 1-2011-00012. The 72616 Mortgage is a good and valid first lien on the 1.69 acre tract.

31. Payment was due, according to the terms of Note No. 72616, on July 27, 2011, which payment was not made by Victor and Tammy Garrett. No subsequent payments have been made. Accordingly, the FDIC as the holder of Note No. 72616, has elected to declare the entire balance due an payable. The, FDIC, has demanded payment of the same but Victor and Tammy Garrett have failed, refused, and neglected to pay such amounts when due.

32.  By reason of default, Victor and Tammy have breached the terms and conditions of Note No. 72616 and 72616 Mortgage, and thus, the entire amount of indebtedness thereby secured has matured and is now due and payable, together with interest.

33. The principal sum $56,371.63 is due under Note No. 72616 together with accrued interest through August 24, 2012, in the sum of $3, 460.59, for a total amount due and owing of $59,832.22 plus accruing interest thereon at the rate of $7.83 per day from and after August 24, 2012, until paid.

34.  On or about December 27, 2010, Victor and Tammy Garrett executed Promissory Note No. 72617, payable to the order of the Bank in the original principal amount $500,000.00.

35.  Payment was due, according, to the terms of Note No. 72617 on July 27, 2011, which payment was not made by Victor and Tammy Garrett.  No subsequent payments have been made. Accordingly, the FDIC, as the holder of Note No. 72617, has elected to declare the enter balance due and payable.  The FDIC has demanded payment of the same but Victor and Tammy Garrett have failed, refused, and neglected to pay such amount when due.

36.  By reason of the default, Victor and Tammy Garrett have breached the terms and conditions of Note No. 72617 and thus the entire amount of indebtedness thereby secured has matured and is now due and payable, together with interest.

37.  The principal sum of $500,000.00 is due under Note No. 72617 together with accrued interest through August 24, 2012, in

the sum of $50,500.00. for total amount due and owing of
$550,500.00 plus accruing interest thereon at the rate of $83.33
per day from and after August 24, 2012.

Summary Judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show there is no genuine
issue as to any material fact and the moving party is entitled to
judgment as a matter of law."  Fed. R. Civ. P. 56 ( c) See also
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
The moving party has the burden of demonstrating the absence of a
genuine issue of fact.  Celotex v. Catrett, 477 U.S. 317, 325
(1986).  If this initial burden is satisfied, the nonmoving party
then has the burden of coming forward with specific facts showing
there is a genuine issue for trial as to elements essential to
the nonmoving party's case.  Matsushita Elec. Indus. Co. v.
Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus.,
Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).
The nonmoving party cannot rest on the mere allegations of the
pleadings, but must go beyond the pleadings and "set forth
specific facts showing there was a genuine issue for trial as to
those dispositive matters for which [it] carries the burden of
proof." Applied Genetics v. First Affiliated Securities, 912 F.2d
1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome
of the suit under the governing law,' and a dispute about a
material fact is 'genuine' only 'if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party.'"
Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting
Anderson, 477 U.S. at 248).  In this regard, the court examines
the factual record and reasonable inferences therefrom in the

light most favorable to the nonmoving party.  Deepwater Invs.
Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir.
1991).  This court's function is not "to weigh the evidence and
determine the truth of the matter but to determine whether there
is a genuine issue for trial."  Anderson, 477 U.S. at 249.  With
these standards in mind, the court turns to the merits of the
Plaintiff's motion.

To prevail on its mortgage foreclosure claims, the FDIC must
establish two elements (1) the existence of a valid mortgage, and
(2) a default under the terms of the mortgage.  U.S. Bank, N.A.
ex rel. Credit Suisse First Boston Heat 2005-4 v. Alexander, 280
P.3d 936, 938 (Okla. 2012).  Defendants have failed to come
foward with evidence to controvert the factual claims made by
plaintiffs. It is undisputed that AMD, Victor, Tammy, Trey and
Sarah Garrett(Borrowers) executed Note Nos. 70437, 72133, 72091,
72616, and 72617 and delivered them to the Bank.  It is also
undisputed that the Borrowers defaulted on the Promissory Notes
by failing to pay each of them pursuant to their terms as agreed.
Thus, there is no genuine dispute regarding the Borrowers'
liability.  Likewise, there is no genuine dispute regarding the
FDIC's status as holder of the Promissory Notes.  As a holder of
the Promissory Notes, the FDIC is entitled to enforce them
according to their terms.  Because there is no dispute that the
FDIC is the holder of the Promissory Notes and that the
Promissory Notes are in default, the FDIC is entitled to recovery
of the full amount owed upon the Promissory Notes.  Based on the
above, the court finds that the FDIC is entitled to judgment on
the Promissory Notes in the total amount of $4,645,118.67,
inclusive of principal and interest, along with post judgment
interest at the highest maximum rate allowed by law and all costs
of collection including contractual late fees and attorneys fees.

**IT IS SO ORDERED** this 19th day of November, 2012.


Frank H. Seay
United States District Judge